UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHRISTOPHER CHOMA,

      Plaintiff,

  v.

TAPPER FORD LLC and TAPPER
EMPLOYEE LEASING LLC,

      Defendants.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 W. Main St., Ste. 618
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## C O M P L A I N T

Plaintiff Christopher Choma alleges the following for his complaint against Defendants Tapper Ford LLC and Tapper Employee Leasing LLC.

### NATURE OF THE CASE

1. This is an employment case about sex, gender, and weight harassment and discrimination, associational disability discrimination, and retaliation.

2. Plaintiff Christopher Choma worked for Defendants as a service advisor where he encountered harassment and discrimination from his supervisor based on his sex, gender, weight, and his association with his disabled daughter.

3. Choma reported the harassment and discrimination to Defendants, and he repeatedly asked that the company do something to end the hostile behavior.

4. Defendants refused to protect him and take any steps to end the harassment and discrimination, and instead fired Choma shortly after his complaints.

5. Due to Defendants' harassment, discrimination, and retaliation, Choma has suffered damages that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Christopher Choma is an individual who resides in Van Buren County, Michigan.

7. Defendant Tapper Ford is a limited liability company organized under the laws of the State of Michigan. Defendant Tapper Ford operates an automobile dealership located in Van Buren County, Michigan.

8. Defendant Tapper Employee Leasing is a limited liability company organized under the laws of the State of Michigan. Defendant Tapper Employee Leasing operates an automobile dealership located in Van Buren County, Michigan.

9. The Court has personal jurisdiction over Defendants under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

10. The Court has original subject matter jurisdiction over the claims asserted in the complaint under Title VII and the ADA in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.

11. Title VII and the ADA also independently provide for subject matter jurisdiction in the United States courts. 42 U.S.C. § 2000e–5(f)(3); 42 U.S.C. § 12117(a).

12. The Court has supplemental jurisdiction over the state law claims asserted in the complaint under Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the

same case and controversy.

13. Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

14. Choma worked for Defendants as a service advisor from November 13, 2024, until the termination of his employment on July 3, 2025.

15. Choma is a male.

16. Choma is married and has a daughter who suffers from seizures.

17. In March 2025, Rob Wilkins became Choma's supervisor.

18. Wilkins subjected Choma to harassment and discrimination based on his sex and gender, including referring to him as "Girlfriend."

19. Wilkins also subjected Choma to harassment and discrimination based on his weight. For example, after noticing Choma had shaved his beard, Wilkins told Choma that his face was fat and that his beard made him look thinner. Wilkins continued to comment that Choma's face was fat and repeatedly called Choma fat.

20. Wilkins routinely made inappropriate, sexualized comments about female customers in the workplace, asking Choma and a coworker if they were trying to "hit that" or "tag team that."

21. Wilkins also sexually harassed Choma's wife during her visits to the workplace by repeatedly checking her out, looking her up and down in a blatantly sexualized manner, and leering at her, which made her and Choma extremely uncomfortable.

22. Wilkins discriminated against Choma based on his association with his disabled daughter, screaming at him and belittling Choma for needing to take time off to care for her after she suffered a seizure.

23.    Wilkins repeatedly demeaned Choma and threatened his job security over Choma using his allotted time off to care for his sick children.

24.    On June 9, 2025, Choma submitted a written complaint to management, including Josh Wright and Kelly Balon, reporting Wilkins' misconduct and the threats to his job security.

25.    Roughly three weeks later, and instead of taking appropriate corrective action to end the harassment, Defendants terminated Choma's employment on July 3, 2025.

26.    When Choma asked why he was being fired, Defendants refused to provide a legitimate reason, stating only "we're an at-will state." At the time of his termination, Choma had no disciplinary history in his personnel file.

27.    Choma filed a charge of discrimination against Defendants and has otherwise satisfied all administrative prerequisites to filing his causes of action.

## COUNT 1
### DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

28.    Choma repeats and incorporates all the previous allegations in his complaint.

29.    Defendants subjected Choma to different terms and conditions of employment in comparison to female employees or in comparison to employees who had not been harassed based on their sex and gender.

30.    Defendants terminated Choma's employment.

31.    Choma's sex and gender were motivating factors in Defendants' decision to treat him differently in connection with the terms and conditions of his employment and in Defendants' decision to end his employment.

32.    Choma suffered damages as a result of Defendants' discrimination that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional

- 4 -

distress), attorney's fees, and litigation costs.

## COUNT 2

### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964

33.    Choma repeats and incorporates all the previous allegations in his complaint.

34.    Choma engaged in activity protected by Title VII when he, among other things, opposed the sex and gender harassment that he and others endured in Defendants' workplace.

35.    Defendants knew about Choma's opposition and protected activity.

36.    Defendants treated Choma differently in connection with the terms and conditions of his employment and terminated Choma's employment.

37.    Defendants would not have taken these adverse actions against Choma but for his protected activity.

38.    Choma suffered damages as a result of Defendants' retaliation that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 3

### DISCRIMINATION IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

39.    Choma repeats and incorporates all the previous allegations in his complaint.

40.    Defendants subjected Choma to different terms and conditions of employment in comparison to other employees who had not been harassed based on their sex, gender, or weight.

41.    Defendants terminated Choma's employment.

42.    Choma's sex, gender, and weight were the motives or reasons which made a difference in Defendants' decision to treat him differently in connection with the terms and conditions of his employment and in Defendants' decision to end his employment.

43. Choma suffered damages as a result of Defendants' discrimination that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 4

### RETALIATION IN VIOLATION OF MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

44. Choma repeats and incorporates all the previous allegations in his complaint.

45. Choma engaged in activity protected by Michigan's Elliott-Larsen Civil Rights Act when he opposed the repeated harassment and discrimination that he endured in the workplace.

46. Defendants knew about Choma's opposition and protected activity.

47. Defendants treated Choma differently in connection with the terms and conditions of his employment and terminated Choma's employment.

48. There was a causal connection between Choma's protected activity and the adverse employment actions Defendants took against him.

49. Choma suffered damages as a result of Defendants' retaliation that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 5

### DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

50. Choma repeats and incorporates all the previous allegations in his complaint.

51. Choma's daughter suffers from seizures.

52. Choma was a qualified individual able to perform the essential functions of the job he performed for Defendants.

- 6 -

53.    Defendants discriminated against Choma and treated him differently in connection with the terms and conditions of his employment based on his association with an individual with a disability.

54.    Defendants terminated Choma's employment.

55.    Defendants took these adverse employment actions against Choma because of his association with his disabled daughter.

56.    Choma suffered damages because of Defendants' discrimination that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 6
### RETALIATION IN VIOLATION OF THE
### AMERICANS WITH DISABILITIES ACT

57.    Choma repeats and incorporates all the previous allegations in his complaint.

58.    Choma engaged in activity protected by the Americans with Disabilities Act when he opposed the discrimination he faced regarding his association with his disabled daughter and his requests for time off to care for her.

59.    Defendants knew about Choma's opposition and protected activity.

60.    Defendants terminated Choma's employment.

61.    Defendants terminated Choma's employment because of his protected activity.

62.    Defendants retaliated against Choma because of his protected activities and there was a causal connection between Choma's protected activities and the adverse employment actions Defendants took against him.

63.    Choma suffered damages because of Defendants' retaliation that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress),

- 7 -

attorney's fees, and litigation costs.

## COUNT 7

### DISABILITY DISCRIMINATION IN VIOLATION OF
### MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

64.    Choma repeats and incorporates all the previous allegations in his complaint.

65.    Choma's daughter suffers from seizures.

66.    Choma was a qualified individual able to perform the essential functions of the job he performed for Defendants.

67.    Defendants discriminated against Choma and treated him differently than other employees because of his association with his disabled daughter.

68.    Defendants terminated Choma's employment.

69.    Choma's association with a disabled individual was one of the motives or reasons which made a difference in Defendants' decision to take these adverse employment actions against Choma.

70.     Choma suffered damages because of Defendants' discrimination that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 8

### RETALIATION IN VIOLATION OF MICHIGAN'S
### PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

71.    Choma repeats and incorporates all the previous allegations in his complaint.

72.    Choma engaged in activity protected by Michigan's Persons with Disabilities Civil Rights Act when he complained to management about the discrimination he faced.

73.    Defendants knew about Choma's opposition and protected activity.

74.    Defendants terminated Choma's employment.

75.     Defendants retaliated against Choma because of his protected activities and there was a causal connection between Choma's protected activities and the adverse employment actions Defendants took against him.

76.     Choma suffered damages because of Defendants' retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## JURY DEMAND

77.     Choma demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

78.     Plaintiff Christopher Choma requests that the Court enter a judgment in his favor and against Defendants Tapper Ford LLC and Tapper Employee Leasing LLC in an amount that will fully and fairly compensate him for all of his damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

79.     Choma also requests that the court grant him any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

CHRISTOPHER CHOMA

Dated: April 13, 2026                    By:    /s/  Mark S. Wilkinson

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 W. Main St., Ste. 618
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

- 9 -